

**IT IS ORDERED as set forth below:**

**Date: February 18, 2020**

_Paul Baisier_

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In Re:<br>**Trevilyn Lee Jackson,**<br><br>          Debtor. | Chapter **13**<br><br>Case No. **19-54156-PMB** |
| **Broker Solutions, Inc. dba New American Funding,**<br><br>          Movant,<br>V.<br><br>**Trevilyn Lee Jackson, Debtor**, and **Linda R Jackson, Codebtor**, and **Melissa J. Davey**, Chapter 13 Trustee,<br><br>          Respondents. | Contested Matter |

**ORDER DENYING MOTION FOR RELIEF**
**AND ORDER LIFTING CODEBTOR STAY**

This matter arose upon the Motion of Broker Solutions, Inc. dba New American Funding,

its successors or assigns, (hereinafter referred to as "Movant"), Motion for Relief from the Stay

of 11 U.S.C. § 362 and Motion for Relief from Codebtor Stay of 11 U.S.C. § 1301 filed on

November 18, 2019 (Doc No. 34), scheduled by Movant for hearing on December 19, 2019 and

upon notice which Movant contends was given to all parties in interest.  The hearing on the Motion was subsequently rescheduled for January 9, 2020.  Codebtor failed to appear and/or otherwise respond.  For the purposes of this hearing, Debtor and Movant stipulate the following:

Movant contends it has a valid, binding and perfected security interest in 3616 Heritage Estates, Lithonia, GA 30038, (hereinafter referred to as "Collateral"); Movant holds a secured claim in the Collateral in the original amount of $319,212.00 pursuant to a Note, secured by a Deed to Secure Debt, dated December 29, 2017, as recorded and more particularly described in public records at Deed Book 26697, Page 347, DeKalb County Records; At the time the Motion for Relief was filed, Debtor was behind in the post-petition mortgage payments to Movant.

The post-petition arrearage through January 9, 2020, totals $10,688.26, consisting of the monthly payments of October 1, 2019 through January 1, 2020 at $1,713.60 each, less a suspense balance in the amount of $196.58, plus attorney fees and costs at $1,031.00.

1.  The amount of post-petition arrearage owed by Debtor as of January 9, 2020 is $10,688.26, and it shall be paid as set forth below;

   A.  Debtor shall pay directly to New American Funding at New American Funding, 11001 Lakeline Blvd., No. 325, Austin, TX 78717 $1,713.60 instanter payment due by January 31, 2020. The balance of said post-petition arrearage ($8,974.66) shall be paid as follows:

   B.  Debtor shall pay the balance of said post-petition arrearage, $8,974.66, shall be paid in nine (9) monthly payments, made up of eight (8) monthly stipulated payments in the amount of $997.18 beginning February 15, 2020, with the final stipulated payment, in the amount of $997.22 due October 15, 2020.  Debtor's regular monthly mortgage payments shall resume with the payment due February

1, 2020. Payment shall be sent to: New American Funding at New American Funding, 11001 Lakeline Blvd., No. 325, Austin, TX 78717**.** In the event that the regular monthly mortgage payment changes, Debtor shall pay the modified payment amount on the first (1st) day of each month.

2.  Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

3. The payment terms of this Agreed Order shall not survive upon entry of an Order of Dismissal.

4. The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the Note and Security Deed shall become immediately payable to Movant.

5. Upon delinquency by Debtor in the payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Note and Deed for a period of nine (9) months from the first payment owed under this Order, Movant may be permitted to recover and dispose of the Collateral pursuant to applicable state law only after submitting a Delinquency Motion (as more particularly described below) and the entry of an order modifying the automatic stay of 11 U.S.C. § 362 in the following manner:

A. Counsel for Movant shall serve both Debtor and Debtor's counsel of record with written notice of the specific facts of the delinquency (the "Delinquency Notice"); said notice may be contained in a letter but shall

    (1)      state that Debtor may cure the delinquency within ten (10) calendar days of receipt of said notice in certified funds, and

    (2)      shall specifically provide the correct street address for mailing and delivering such payment; Pursuant to this Order, Debtor shall be presumed to have received the Delinquency Notice on the fifth (5th) calendar day following the mailing of said notice by Counsel for Movant; provided, however, that

        (a) the Delinquency Notice is properly addressed to Debtor at the address set forth on the Docket, unless Movant or Counsel for Movant receives notice in writing of a change in Debtor's address within a reasonable time prior to the mailing of the Delinquency Notice; and

        (b) the Delinquency Notice is not returned to Counsel for Movant by the U.S. Postal Service as undeliverable by reason of improper address.

B.  If Debtor fails to cure the delinquency within ten (10) days of receipt of said written notice, Counsel for Movant may present to the Court, after service on both the Debtor and Debtor's counsel:

    (1)      a motion, which must contain allegations of the specific facts of the delinquency; provided, however, that, instead of alleging the facts of the delinquency in the motion, the motion may be accompanied by an affidavit from Movant setting forth the specific facts of the delinquency;

(2)      a copy of the Delinquency Notice;

(3)      Upon the filing of said Delinquency Motion the Court may enter an order modifying the stay as to the Property, without further hearing.

(4)      In the event relief from the automatic is later granted, the Trustee shall cease funding any balance of Movant's claim and the provisions of Fed. R. P. 4001 (a)(3) may be waived.

(5)      Upon completion any foreclosure sale, any funds in excess of the Movant's claim under the Note and Security Deed and those of any subordinate lienholder(s) properly entitled to receive proceeds under applicable State Law that would otherwise be payable to the Debtor, shall be remitted to the Trustee for the benefit of the estate while the Debtor remains in bankruptcy.

**In the event an Order granting relief from automatic stay of Section 362 is entered, without further notice or hearing, an Order lifting the automatic stay may provide that Movant's claim shall no longer be provided for in the Plan pursuant to Section 1322(b)(5) of the Code, that the Trustee shall cease funding the balance of the claim.**

By consent, therefore, it is hereby

ORDERED that Motion is denied and the agreement of the Movant and Debtor as set forth above is ***approved.***

ORDERED that the CoDebtor Stay of 11 U.S.C. § 1301 is hereby lifted as to Movant.

**END OF DOCUMENT**

Prepared by:                                   Read and Approved by:


___/s/ Elizabeth Childers___                   */s/Howard P. Slomka*      *(with express permission)*
 Elizabeth Childers                            Howard P. Slomka
 Georgia Bar No.  143546                       Georgia Bar No. 652875
 211 Perimeter Center Parkway, N.E.            Slipakoff & Slomka, PC
 Suite 300                                     Overlook III - Suite 1700
 Atlanta, GA 30346                             2859 Paces Ferry Rd, SE
 (770) 220-2535                                Atlanta, GA 30339
 echilders@logs.com                           (404)800-4001
 **Attorney for Movant**                       **Attorney for Debtor**


                                               No Opposition:


                                               */s/Kelsey A.*            *(with express permission)*
                                               *Makeever*
                                                Kelsey A. Makeever
                                                Georgia Bar No. 371499
                                                Melissa J. Davey
                                                Suite 200
                                                260 Peachtree Street, NW
                                                Atlanta, GA 30303
                                                678-510-1444
                                                **Attorney for Chapter 13 Trustee**

## DISTRIBUTION LIST

TREVILYN LEE JACKSON
3616 Heritage Estates
Lithonia, GA 30038

LINDA R JACKSON
3616 Heritage Estates
Lithonia, GA 30038

HOWARD P. SLOMKA
Slipakoff & Slomka, PC
Overlook III - Suite 1700
2859 Paces Ferry Rd, SE
Atlanta, GA 30339

MELISSA J. DAVEY
Melissa J. Davey, Standing Ch 13 Trustee
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303

Shapiro Pendergast & Hasty, LLP
211 Perimeter Center Parkway, N.E.
Suite 300
Atlanta, GA 30346