**UNITED STATES BANKRUPTCY COURT**
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In Re: | Chapter 13 |
| Trevilyn Lee Jackson,<br>　　　　　　　Debtor. | Case No. 19-54156-PMB |
| Broker Solutions, Inc. dba New American Funding, its successors or assigns,<br>　　　　　　　Movant,<br>V.<br>Trevilyn Lee Jackson, Debtor, and Melissa J. Davey, Chapter 13 Trustee,<br>　　　　　　　Respondents. | Contested Matter |

## MOTION TO MODIFY STAY BY REASON OF DEFAULT

BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING, ITS SUCCESSORS OR ASSIGNS, Movant herein, moves the Court to enter an Order modifying the stay in the above-matter, and shows:

1.

On February 18, 2020, the Court entered an Order which required Debtor to make certain payments to Movant. See Exhibit "A".

2.

Debtor has defaulted in his obligation under said Order. See Exhibit "B".

3.

On March 24, 2020, Movant sent notification of default to Debtor and Debtor's counsel in accordance with the terms of said Order. See Exhibits "C" and "D".

4.

More than ten (10) days have elapsed and Debtor has failed to cure the non-compliance with this Court's Order.

WHEREFORE, Movant respectfully requests that this honorable Court enter an Order modifying the stay of U.S. Bankruptcy Code Section 362, in respect of Debtor's real property located at 3616 Heritage Estates, Lithonia, GA 30038. Movant also request that upon entry of an Order Modifying the automatic stay of Section 362 the Chapter 13 Trustee would cease disbursements on Movant's Proof of Claim and that the Court order the Federal Rule of Bankruptcy Procedure 4001(a)(3) fourteen (14) day stay of Bankruptcy Rule stay be waived is not applicable so that Movant may immediately enforce and implement and order granting relief from the automatic stay.

Dated ____May 18, 2020_____        Shapiro Pendergast & Hasty, LLP

/s/ Taylor S. Mansell
Taylor S. Mansell
Georgia Bar No. 940461
211 Perimeter Center Parkway, N.E.
Suite 300
Atlanta, GA 30346
Phone: (770) 220-2535
Fax: (770) 220-2665
tmansell@logs.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within Notice of Motion and Motion to Modify Stay by Reason of Default filed in this bankruptcy matter via electronic mail notice to parties, and their representatives, who are ECF Filers and Consent Users, or by depositing a copy of same in the United States Mail, postage prepaid, all other interested parties at the indicated addresses as follows:

Trevilyn Lee Jackson
3616 Heritage Estates
Lithonia, GA 30038

Howard P. Slomka
Slipakoff & Slomka, PC
se@myatllaw.com

Melissa J. Davey
Melissa J. Davey, Standing Ch 13 Trustee
mail@13trusteeatlanta.com


Dated ____May 18, 2020_____          Shapiro Pendergast & Hasty, LLP


/s/ Taylor S. Mansell
Taylor S. Mansell
Georgia Bar No. 940461
211 Perimeter Center Parkway, N.E.
Suite 300
Atlanta, GA 30346
Phone: (770) 220-2535
Fax: (770) 220-2665
tmansell@logs.com

EXHIBIT A

**IT IS ORDERED as set forth below:**

**Date: February 18, 2020**

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In Re:<br>**Trevilyn Lee Jackson,**<br><br>                    Debtor. | Chapter **13**<br><br>Case No. **19-54156-PMB** |
| **Broker Solutions, Inc. dba New American Funding,**<br><br>                    Movant,<br>V.<br><br>**Trevilyn Lee Jackson, Debtor**, and **Linda R Jackson, Codebtor**, and **Melissa J. Davey**, Chapter 13 Trustee,<br>                    Respondents. | Contested Matter |

**ORDER DENYING MOTION FOR RELIEF
AND ORDER LIFTING CODEBTOR STAY**

This matter arose upon the Motion of Broker Solutions, Inc. dba New American Funding, its successors or assigns, (hereinafter referred to as "Movant"), Motion for Relief from the Stay of 11 U.S.C. § 362 and Motion for Relief from Codebtor Stay of 11 U.S.C. § 1301 filed on November 18, 2019 (Doc No. 34), scheduled by Movant for hearing on December 19, 2019 and

upon notice which Movant contends was given to all parties in interest. The hearing on the Motion was subsequently rescheduled for January 9, 2020. Codebtor failed to appear and/or otherwise respond. For the purposes of this hearing, Debtor and Movant stipulate the following:

Movant contends it has a valid, binding and perfected security interest in 3616 Heritage Estates, Lithonia, GA 30038, (hereinafter referred to as "Collateral"); Movant holds a secured claim in the Collateral in the original amount of $319,212.00 pursuant to a Note, secured by a Deed to Secure Debt, dated December 29, 2017, as recorded and more particularly described in public records at Deed Book 26697, Page 347, DeKalb County Records; At the time the Motion for Relief was filed, Debtor was behind in the post-petition mortgage payments to Movant.

The post-petition arrearage through January 9, 2020, totals $10,688.26, consisting of the monthly payments of October 1, 2019 through January 1, 2020 at $1,713.60 each, less a suspense balance in the amount of $196.58, plus attorney fees and costs at $1,031.00.

1. The amount of post-petition arrearage owed by Debtor as of January 9, 2020 is $10,688.26, and it shall be paid as set forth below;

   A. Debtor shall pay directly to New American Funding at New American Funding, 11001 Lakeline Blvd., No. 325, Austin, TX 78717 $1,713.60 instanter payment due by January 31, 2020. The balance of said post-petition arrearage ($8,974.66) shall be paid as follows:

   B. Debtor shall pay the balance of said post-petition arrearage, $8,974.66, shall be paid in nine (9) monthly payments, made up of eight (8) monthly stipulated payments in the amount of $997.18 beginning February 15, 2020, with the final stipulated payment, in the amount of $997.22 due October 15, 2020. Debtor's regular monthly mortgage payments shall resume with the payment due February

1, 2020. Payment shall be sent to: New American Funding at New American Funding, 11001 Lakeline Blvd., No. 325, Austin, TX 78717. In the event that the regular monthly mortgage payment changes, Debtor shall pay the modified payment amount on the first (1ˢᵗ) day of each month.

2. Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

3. The payment terms of this Agreed Order shall not survive upon entry of an Order of Dismissal.

4. The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the Note and Security Deed shall become immediately payable to Movant.

5. Upon delinquency by Debtor in the payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Note and Deed for a period of nine (9) months from the first payment owed under this Order, Movant may be permitted to recover and dispose of the Collateral pursuant to applicable state law only after submitting a Delinquency Motion (as more particularly described below) and the entry of an order modifying the automatic stay of 11 U.S.C. § 362 in the following manner:

    A. Counsel for Movant shall serve both Debtor and Debtor's counsel of record with written notice of the specific facts of the delinquency (the "Delinquency Notice"); said notice may be contained in a letter but shall

  (1) state that Debtor may cure the delinquency within ten (10) calendar days of receipt of said notice in certified funds, and

  (2) shall specifically provide the correct street address for mailing and delivering such payment; Pursuant to this Order, Debtor shall be presumed to have received the Delinquency Notice on the fifth (5th) calendar day following the mailing of said notice by Counsel for Movant; provided, however, that

   (a) the Delinquency Notice is properly addressed to Debtor at the address set forth on the Docket, unless Movant or Counsel for Movant receives notice in writing of a change in Debtor's address within a reasonable time prior to the mailing of the Delinquency Notice; and

   (b) the Delinquency Notice is not returned to Counsel for Movant by the U.S. Postal Service as undeliverable by reason of improper address.

B. If Debtor fails to cure the delinquency within ten (10) days of receipt of said written notice, Counsel for Movant may present to the Court, after service on both the Debtor and Debtor's counsel:

  (1) a motion, which must contain allegations of the specific facts of the delinquency; provided, however, that, instead of alleging the facts of the delinquency in the motion, the motion may be accompanied by an affidavit from Movant setting forth the specific facts of the delinquency;

    (2)    a copy of the Delinquency Notice;

    (3)    Upon the filing of said Delinquency Motion the Court may enter an order modifying the stay as to the Property, without further hearing.

    (4)    In the event relief from the automatic is later granted, the Trustee shall cease funding any balance of Movant's claim and the provisions of Fed. R. P. 4001 (a)(3) may be waived.

    (5)    Upon completion any foreclosure sale, any funds in excess of the Movant's claim under the Note and Security Deed and those of any subordinate lienholder(s) properly entitled to receive proceeds under applicable State Law that would otherwise be payable to the Debtor, shall be remitted to the Trustee for the benefit of the estate while the Debtor remains in bankruptcy.

**In the event an Order granting relief from automatic stay of Section 362 is entered, without further notice or hearing, an Order lifting the automatic stay may provide that Movant's claim shall no longer be provided for in the Plan pursuant to Section 1322(b)(5) of the Code, that the Trustee shall cease funding the balance of the claim.**

By consent, therefore, it is hereby

ORDERED that Motion is denied and the agreement of the Movant and Debtor as set forth above is *approved.*

ORDERED that the CoDebtor Stay of 11 U.S.C. § 1301 is hereby lifted as to Movant.

**END OF DOCUMENT**

Prepared by:                                Read and Approved by:

/s/ Elizabeth Childers                      /s/Howard P. Slomka      *(with express permission)*
Elizabeth Childers                          Howard P. Slomka
Georgia Bar No. 143546                      Georgia Bar No. 652875
211 Perimeter Center Parkway, N.E.          Slipakoff & Slomka, PC
Suite 300                                   Overlook III - Suite 1700
Atlanta, GA 30346                           2859 Paces Ferry Rd, SE
(770) 220-2535                              Atlanta, GA 30339
echilders@logs.com                          (404)800-4001
**Attorney for Movant**                     **Attorney for Debtor**

                                            No Opposition:


                                            */s/Kelsey A.*           *(with express permission)*
                                            *Makeever*
                                            Kelsey A. Makeever
                                            Georgia Bar No. 371499
                                            Melissa J. Davey
                                            Suite 200
                                            260 Peachtree Street, NW
                                            Atlanta, GA 30303
                                            678-510-1444
                                            **Attorney for Chapter 13 Trustee**

## DISTRIBUTION LIST

TREVILYN LEE JACKSON
3616 Heritage Estates
Lithonia, GA 30038

LINDA R JACKSON
3616 Heritage Estates
Lithonia, GA 30038

HOWARD P. SLOMKA
Slipakoff & Slomka, PC
Overlook III - Suite 1700
2859 Paces Ferry Rd, SE
Atlanta, GA 30339

MELISSA J. DAVEY
Melissa J. Davey, Standing Ch 13 Trustee
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303

Shapiro Pendergast & Hasty, LLP
211 Perimeter Center Parkway, N.E.
Suite 300
Atlanta, GA 30346

EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| In Re:<br><br>Trevilyn Lee Jackson,<br>　　　　　Debtor. | Chapter 13<br><br>Case No. 19-54156-PMB |
| Broker Solutions, Inc. dba New American Funding, its successors or assigns,<br><br>　　　　　Movant,<br><br>V.<br><br>Trevilyn Lee Jackson, Debtor, and Linda R Jackson, Codebtor, and Melissa J. Davey, Chapter 13 Trustee,<br><br>　　　　　Respondents. | Contested Matter* |

**AFFIDAVIT OF DEFAULT**

STATE OF _Texas_

COUNTY OF _Williamson_

PERSONALLY APPEARED before the undersigned officer duly authorized to administer oaths, _Roberto Moreno_, who after being duly sworn, deposes and states as follows:

1.

My name is _Roberto Moreno_, and I am _SVP_ of New American Funding. As part of my job responsibilities for New American Funding, I have a personal knowledge of and am familiar with the types of records maintained by New American Funding in connection with the account that is the subject of the Affidavit (the "Account") and the procedures for

creating those types of records. I have access to and review the books, records and files of New American Funding that pertain to the Account and extensions of credit given to Debtor concerning the property securing such Account. I make this Affidavit for use in connection with an Order entered by Paul M. Baisier on or about February 18, 2020.

2.

I hereby confirm that the Debtor/Respondent, Trevilyn Lee Jackson, has failed to comply with the aforementioned Order in that the Respondent has failed to make the following payments required by said Order not withstanding Notice of Default and opportunity to cure received by Debtor on or about March 24, 2020.

The default in the terms of the consent order as of April 9, 2020

3 payments (2/1/2020 - 4/1/2020) at $1,713.60 each totaling $5,140.80

3 stipulation payments (2/15/2020 - 4/15/2020) at $997.18 each totaling $2,991.54

**TOTAL OWED ....$8,132.34**

Further, Affiant sayeth not.

_____
Affiant
Roberto Moreno
SVP

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 22
DAY OF April, 2020.

_____
Notary Public

My Commission Expires: 7/13/21

REGINA RUNETT NOBLE
Notary ID #131206461
My Commission Expires
July 13, 2021



**Shapiro Pendergast & Hasty, LLP**
Attorneys at Law

211 Perimeter Center Parkway, N.E., Suite 300
Atlanta, Georgia 30346
Tel: (770) 220-2535 • Fax: (770) 220-2665

**Partners:**
Gerald M. Shapiro (FL, IL)
David S. Kreisman (IL)
John Pendergast (GA)

**Managing Partner:**
Philip Hasty (GA)

EXHIBIT C

March 24, 2020

Howard P. Slomka
Slipakoff & Slomka, PC
Overlook III - Suite 1700
2859 Paces Ferry Rd, SE
Atlanta, GA 30339

Re:   Broker Solutions, Inc. dba New American Funding
      v. Trevilyn Lee Jackson
      Chapter 13 Case No. 19-54156-PMB

Dear Howard P. Slomka:

Enclosed is a copy of a letter that has been sent to your above-referenced client(s) who is in default of the Order entered in this matter. Please be informed that if said default is not cured, we will seek relief on behalf of our client pursuant to the terms of the Order.

If you have any questions concerning this notice, please feel free to call us at (770) 220-2535. Please reference our file no. 18-071434. DO NOT ADVISE YOUR CLIENT TO CONTACT THIS OFFICE.

Very truly yours,

___*/s/ Elizabeth Childers*_____
Elizabeth Childers, BAR # 143546

/KD
Enclosure



**Shapiro Pendergast & Hasty, LLP**
Attorneys at Law

211 Perimeter Center Parkway, N.E., Suite 300
Atlanta, Georgia 30346
Tel: (770) 220-2535 • Fax: (770) 220-2665

**Partners:**
Gerald M. Shapiro (FL, IL)
David S. Kreisman (IL)
John Pendergast (GA)

**Managing Partner:**
Philip Hasty (GA)

EXHIBIT D

March 24, 2020

Trevilyn Lee Jackson
3616 Heritage Estates
Lithonia, GA 30038

    Re:    Broker Solutions, Inc. dba New American Funding
            v. Trevilyn Lee Jackson
            Chapter 13 Case No. 19-54156-PMB

Dear Trevilyn Lee Jackson:

This letter is to advise that you are in default of the Order entered in this case by Judge Paul M. Baisier on February 18, 2020. You have ten (10) calendar days from your receipt of this letter in which to cure said default, or we will seek relief on behalf of our client pursuant to the terms of the Order.

**As of March 13, 2020, the amount of default pursuant to the Order is** $6,137.98, which is composed of the following amounts:

*Instanter payment 1/31/2020) at $1,713.60 each totaling $1,713.60*
*2 payments (2/1/2020 - 3/1/2020) at $1,713.60 each totaling $3,427.20*
*1 stipulation payment (2/15/2020) at $997.18 each totaling $997.18*

This figure is good through March 15, 2020 and is subject to change. If funds are remitted on or after March 15, 2020, an additional payment of $997.18 will need to be added to the default, for a total amount of $7,135.16.

Reinstatement funds must be (a) either a Cashier's check or money order; (b) for the full amount stated above; and (c) remitted to New American Funding at New American Funding, 11001 Lakeline Blvd., No. 325, Austin, TX 78717on or before 5:00 p.m. on the tenth day. We are anticipating all interested parties will receive this notice by March 29, 2020, and the tenth day will be April 8, 2020.

If you have any questions concerning this matter, **please contact your attorney,** Howard P. Slomka, Slipakoff & Slomka, PC, who has also received a copy of this notice.

Very truly yours,

*/s/ Elizabeth Childers*
Elizabeth Childers, BAR # 143546
/KD

                **WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**